UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROY HENDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| vs. | ) | No. 4:16 CV 1074 CDP |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

Movant Roy Henderson, through appointed counsel, seeks relief under 28 U.S.C. § 2255, relying on *Johnson v. United States,* 135 S.Ct. 2551 (2015). Henderson was convicted in 2006 of three counts involving a firearm and drug distribution, and was sentenced to 182 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. §924(e). Henderson argues that under *Johnson* his two prior convictions for second-degree burglary can no longer be considered violent felonies under the ACCA.

I will deny Henderson's motion because his claim is foreclosed by *United States v. Sykes,* 844 F.3d 712 (8th Cir. 2016), *reh'g denied*, No. 14-3139, 2017 WL 1314937 (8th Cir. March 17, 2016). The government has provided undisputed evidence that each of Henderson's prior convictions for second-degree burglary was based on a charge that he burglarized a building, so under *Sykes*'s holding that

second-degree burglary of a building is a crime of violence, Henderson remains an Armed Career Criminal.

## Procedural Background

Roy Henderson pleaded guilty to a three-count indictment in 2006. The counts were felon in possession of a firearm, possession of an unregistered sawed-off shotgun, and possession with the intent to distribute cocaine base. Because he had three or more prior convictions for a violent felony or a serious drug offense, he qualified for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(c), which carries a mandatory minimum sentence of 180 months. With a total offense level of 31 and a criminal history category of VI, his Sentencing Guidelines range was 188-235 months. I sentenced him to 182 months' imprisonment (after reducing the sentence by six months to account for time he had served in state court on the same charges). Case No. 4:05CR639 CDP. Henderson did not file a direct appeal, but he has filed two previous motions under 28 U.S.C. § 2255, both of which were denied. Case Nos. 4:07CV157 CDP and 4:09CV1727 CDP.

After the Supreme Court decided *Johnson,* Henderson sought permission to file a successive § 2255 motion to argue for relief under that case, and the Eighth Circuit Court of Appeals granted that request. *Henderson v. United States,* No. 16-2192 (8th Cir. June 21, 2016). Appointed counsel filed an amended § 2255

motion. Under the procedure established by our Court, I directed the parties to brief the issues in this civil case and directed the United States Probation Office to prepare a "Resentencing Report" and file it in the criminal case. That report concluded that Henderson remains an Armed Career Criminal.

## Discussion

The Armed Career Criminal Act, 18 U.S.C. §924(e), increases the sentencing range in felon in possession cases from a ten-year maximum to a fifteen-year mandatory minimum if a defendant has three previous convictions for a "violent felony or a serious drug offense." The statutory definition of violent felony includes any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion set out above is referred to as the "residual" clause, while the listed crimes of burglary, arson, or extortion are often called the "enumerated" crimes.

In *Johnson v. United States*, 135 S.Ct. 2551 (2015) the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Henderson argues here that he is entitled to relief under *Johnson* because his prior convictions under Missouri's second-degree burglary statute, § 569.170, R.S.Mo., were

3

considered crimes of violence under the now-invalidated residual clause of the ACCA.  At the time of his sentencing, neither the presentence report nor the Court specified whether those convictions qualified under the enumerated clause or under the residual clause.

In *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016) *reh'g denied* No. 14-3139, 2017 WL 1314937 (8th Cir. March 17, 2017), the Eighth Circuit considered whether Missouri's Second Degree burglary statute was a violent felony under the enumerated clause of the ACCA.  The Missouri statute is violated when one "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Although this language appears similar to the "enumerated" crime of burglary, it is actually broader than generic burglary because the Missouri statute defines "inhabitable structure" to include things such as a ship, trailer, sleeping car, airplane, or other vehicle or structure.  *See e.g. Reeves v. United States,* Civ. No. 16-03078-CV-W-RK, Crim. No. 13-03084-01-CR-S-RK, 2017 WL 1532605 (W. D. Mo. April 27, 2017); *Arender v. United States,* No. 1:15CV153 AGF, 2017 WL 1209371 at *2 (E.D. Mo. April 3, 2017).

In *Sykes* the Court held that the terms "building" and "inhabitable structure" were alternative elements of the crime and not simply alternative means of violating the statute – applying the distinction set out in *Mathis v. United*

*States,* 136 S.Ct. 2243 (2016) – and so the Court should use the modified categorical approach to determine whether the crime in a particular case qualified as a violent felony. *Sykes,* 844 F.3d at 715. A Court using the modified categorical approach may examine pertinent judicial records to determine whether the conviction was for burglary of a building or of an inhabitable structure. *Id.*; *see also United States v. Lamb,* 847 F.3d 928, 930 (2017); *United States v. Phillips*, 853 F.3d 432, 436-37 (8th Cir. 2017); *United States v. Naylor*, No. 16-2047, 2017 WL 1163645 (8th Cir. March 28, 2017) (unreported).[1]

*Sykes* precludes any relief for Henderson. The Resentencing Report specifies that in both of Henderson's convictions for second-degree burglary he was charged with burglary of a building. Additionally, the government's response to the § 2255 motion attached state court records for each case and those exhibits confirm that both cases charged unlawful entry into a building. It is undisputed that he has one other prior conviction that qualifies as a violent felony, and so he

---

[1] The government argues that is a *Mathis* claim and not a *Johnson* claim and so it cannot be raised on this successive § 2255 motion. But without *Johnson's* invalidation of the residual clause, Henderson would not have a claim that the ACCA does not apply to him. *See United States v. Cantrell*, 530 F.3d 684, 695 (8th Cir. 2008)(no need to determine if second-degree burglary is enumerated because it was "clearly" a crime of violence under residual clause). It is *Johnson* that opened the door to successive or untimely relief such as sought here. *See Slaughter v. United States*, No. 4:16CV915 CAS, 2017 WL 1196483 (E. D. Mo. March 31, 2017); *Reeves v. United States,* Civ. No. 16-03078-CV-W-RK, Crim. No. 13-03084-01-CR-S-RK, 2017 WL 1532605 (W. D. Mo. April 27, 2017); *Mitchell v. United States*, Case No. 16-03194-CV-S-RK-P, Crim. No. 09-03012-03-CR-1-S-RK, 2017 WL 1362040 (W.D. Mo. April 11, 2017); *Arender v. United States*, No. 1:15CV153 AGF, 2017 WL 1209371 (E.D. Mo. April 3, 2017); *Hayes v. United States*, No. 4:16CV926 CDP, 2016 WL 4206028 (E.D. Mo. Aug. 10, 2016).

was appropriately sentenced under the Armed Career Criminal Act.  Henderson is not entitled to any relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion and amended motion to vacate, set aside or correct sentence [1, 6] are denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Henderson's Criminal Case No. 4:05CR639 CDP.

A separate judgment in accord with this Order is entered in this case today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2017.